UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITGO PETROLEUM CORP.,

    Plaintiff,

v.                              Case No. 8:12-cv-876-T-33MAP

MID-STATE ENERGY, INC. and
HIGHLANDS OIL CO., INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff CITGO Petroleum Corp.'s Motion for a Temporary Restraining Order (Doc. # 2), filed on April 23, 2012. For the reasons that follow, the Court grants the Motion for Temporary Restraining Order as discussed below.

**I. DISCUSSION**

On the basis of CITGO's Complaint (Doc. # 1), Motion (Doc. # 2) and the Declaration of Karl Schmidt(Doc. # 2-2), this Court finds that CITGO has met its initial burden for the issuance of a Temporary Restraining Order against Defendants pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as follows:

1. The Court finds a reasonable likelihood that CITGO will succeed on the merits of its claims against Defendants, including its claim that Defendants infringed upon CITGO's

trademarks by packaging non-CITGO products in containers bearing CITGO marks; claims that such acts constitute false advertising, unfair competition and trademark counterfeiting; claim for breach of contract; and claim for unfair and deceptive trade practices under state law. Karl Schmidt's declaration contains a detailed description of facts surrounding Defendants' misuse of CITGO's trademarks, including a letter from the Independent Lubricant Manufacturers' Association (ILMA) stating that samples of a product randomly purchased from Defendants bearing CITGIO's mark failed to meet CITGO's specifications. (Doc. # 2-2 at ¶ 10). After receiving this information from ILMA, CITGO checked its records and discovered that Defendants had not purchased any of the product from CITGO since they purchased 2,500 gallons in 2008, yet had obtained labels bearing CITGO's logo sufficient to brand 10,935 gallons of product. (Id. at ¶¶ 15-16). Subsequently, CITGO hired "secret shoppers" to purchase 10 CITGO-branded products from Defendants, and determined through testing that at least five of the 10 products were not manufactured by CITGO. (Id. at ¶¶ 17-21).

2. Accordingly, the Court finds that CITGO demonstrated a meaningful risk of irreparable harm in the absence of a TRO. "[T]rademark infringement by its nature causes irreparable harm." Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d

982, 986 (11th Cir. 1995). The injuries CITGO faces include consumer confusion and the loss of reputation from the sale of substandard products under the CITGO brand. "A plaintiff need not show that the infringer acted in such a way as to damage the reputation of the plaintiff. It is the loss of control of one's reputation by the adoption of a confusingly similar mark that supplies the substantial threat of irreparable harm." Ferrellgas Partners, L.P. v. Barrow, 143 F. App'x 180, 191 (11th Cir. 2005).

3. The public interest will be served by the issuance of a TRO. Specifically, a TRO will help ensure that consumers are not deceived by the improper branding of products. "[T]he public interest is served by preventing consumer confusion in the marketplace." Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1304 (11th Cir. 2001).

4. Plaintiff's counsel, Dennis P. Waggoner, Esq. included with the Motion a certificate stating that he served the Motion on Ken Allen, president of both of the Defendant companies. (Doc. # 2 at 15).

## II. **TRO DURATION**

Accordingly, this Court grants Plaintiff's Motion for Temporary Restraining Order. The Temporary Restraining Order is effective immediately and will remain in effect through and

including May 7, 2012, at 5:00 p.m. Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

## III. SECURITY

Federal Rule of Civil Procedure 65 states that a bond must be posted whenever the court issues a preliminary injunction. However, "the amount of security required by the rule is a matter within the discretion of the trial court . . . [, and] the court may elect to require no security at all." BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Svcs., LLC, 425 F.3d 964, 971 (11th Cir. 2005) (international quotation marks and citations omitted). The Court determines that CITGO need not post a bond due to its size and financial resources. CITGO is a Fortune 500 company; there is no reasonable basis for concern that CITGO could not satisfy any judgment that might ultimately be entered in this case. See Burger King Corp. v. Duckrey, -- F. Supp. 2d --, 2011 WL 6937384, at *6 (S.D. Fla. 2011) (waiving bond requirement given the financial status of Burger King, a Fortune 1000 company).

## IV. PROHIBITED BUSINESS ACTIVITIES

**It is hereby ordered** that Defendants, Mid-State Energy, Inc. and Highlands Oil Co., Inc. (collectively "MSE") and their

4

officers, agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with any of them, individually or collectively, be temporarily restrained from:

1. Selling or offering for sale any lubricant products in 5-gallon buckets or 55-gallon drums bearing a label with any CITGO trademark or the CITGO name;

2. Using CITGO's marks, or any other name or mark likely to cause confusion with CITGO's marks, in connection with the sale of any lubricant products sold in 5-gallon buckets or 55-gallon drums;

3. Doing any other act or thing likely to confuse, mislead or deceive others into believing that MSE's non-CITGO products emanate from, or are connected with, sponsored by or approved by CITGO;

4. Destroying any false advertisements or counterfeit or infringing goods, labels, signs, prints, packages, wrappers, receptacles, advertisements or other printed materials bearing the CITGO marks or any reproduction, counterfeit, copy or colorable imitation of them; and

5. Assisting, aiding or abetting any person or entity in engaging in any of the activities prohibited in paragraphs 1 through 4.

## V. ADDITIONAL REQUIREMENTS

**It is further ordered** that

1. MSE shall be required to quarantine all counterfeit and infringing products, and goods, labels, signs, prints, packages, wrappers, receptacles, advertisements or other materials in MSE's possession bearing the CITGO mark or any reproduction, counterfeit, copy or colorable imitation of them.
2. MSE shall be required to quarantine any labels bearing CITGO's marks that it has obtained from CITGO or a third-party vendor.
3. MSE shall be required to quarantine any lubricants repackaged in 5-gallon buckets or 55-gallon drums that currently bear CITGO's marks.
4. MSE shall be required to file with this Court and serve on CITGO a report in writing under oath setting forth in detail the manner and form in which they have complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116(a).

## VI. PRELIMINARY INJUNCTION

Although CITGO prayed for a preliminary injunction in its Complaint (Doc. # 1), it has not filed a Motion for Preliminary Injunction. If CITGO wishes the Court to consider entering a

preliminary injunction, it needs to file the appropriate motion within two days of the date of this Order. That motion will be referred to the Honorable Mark A. Pizzo to schedule a hearing and for issuance of a Report and Recommendation. The present TRO is issued to protect CITGO from irreparable injury prior to the preliminary injunction hearing.

VII. **SERVICE OF THIS ORDER BY CITGO**

**It is further ordered** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of CITGO, on (1) any Defendant in this action; and (2) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

In addition, to the extent it has not already done so, CITGO shall attempt to accomplish service of this temporary restraining order and other relevant documents in accordance with Local Rule 4.05(b)(5).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for a Temporary Restraining Order (Doc. # 2) is **GRANTED** consistent with the terms outlined above.

(2) The Temporary Restraining Order is effective immediately, and will remain in effect through and including May 7, 2012, at 5:00 p.m., unless the TRO is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

(3) If Plaintiff wishes the Court to consider entering a preliminary injunction, it needs to file the appropriate motion within two days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of April, 2012, at 4:45 p.m.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Parties of Record